JAMES C. POTEPAN [SBN 107370]
jpotepan@rmkb.com
JAMES C. HILDEBRAND [SBN 150319]
jhildebrand@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Plaintiff
CALIFIA FARMS, L.P.

FILED
2011 OCT 27 PM 4: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CALIFIA FARMS, L.P., a California limited partnership,

Plaintiff,

vs.

TRICORBRAUN INC., a Missouri corporation; and DOES 1 through 10,

Defendants.

CASE NO. CV11 08933 SJO (MANx)

**COMPLAINT FOR:**

1. Declaratory Judgment of Non-Infringement of Patent
2. Declaratory Judgment of Invalidity of Patent
3. Declaratory Judgment of Unenforceability of Patent
4. Correction of Inventorship of Patent
5. Declaratory Judgment of Ownership of Patent

**DEMAND FOR JURY TRIAL**

Plaintiff Califia Farms, L.P. ("Plaintiff" and/or "Califia Farms") hereby seeks declaratory relief, injunctive relief and other remedies against Defendant TricorBraun Inc. ("Defendant" and/or "TricorBraun") as follows:

**PARTIES**

1. Plaintiff Califia Farms is a California limited partnership with its principal place of business at Sun Pacific, 1095 E. Green St., Pasadena, California 91106.

2. Upon information and belief, Defendant TricorBraun is a Missouri corporation with its principal place of business located at 10330 Old Olive Street Road, St. Louis, Missouri 63141.

**JURISDICTION AND VENUE**

3. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*, seeking a declaratory judgment that no valid and enforceable claims of United States Design Patent No. D640,560 (the "'560 patent") is infringed by Califia Farms, and that the '560 patent is invalid and unenforceable and/or for correction of the ownership and inventorship of the '560 patent. A copy of the '560 patent as issued by the U.S. Patent and Trademark Office ("USPTO") is attach as Exhibit A.

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2002, and 35 U.S.C. § 256.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201 and 2202, on the grounds that Plaintiff seeks a declaration of its rights against threats of patent infringement litigation made by Defendant.

6. This Court has jurisdiction, pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Plaintiff's claims concerning the ownership of the '560 patent.

8. This Court has personal jurisdiction over Defendant because Defendant has sufficient contacts to this district to subject it to personal jurisdiction in this judicial district.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 (a) and 1391 (b) because a substantial part of the events or omissions giving rise to the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

claim occurred in this district. Specifically, Plaintiff has its principal place of business in the Central District of California, the allegedly infringing products were manufactured for and distributed by Plaintiff in the Central District of California, and the effect of the threat of litigation was felt by Plaintiff in the Central District of California.

## FACTS RELATED TO ALL CLAIMS FOR RELIEF

10. In June 2010, Plaintiff and Defendant commenced discussions concerning the development of designs of plastic bottles for tangerine juices of the Plaintiff.

11. Beginning on about June 30, 2010, Greg Steltenpohl, who is employed by Plaintiff as its chief executive officer, provided Defendant TricorBraun with conception and design information and instructions and photographic samples for proposed bottle designs.

12. From June 2010 until December 2010, Plaintiff and Defendant collaborated in the development of the bottle designs which Plaintiff intended to use for its Cuties Juice brand line of tangerine juices.

13. Califia Farms paid TricorBraun thousands of dollars for prototypes and services provided to it by TricorBraun.

14. Califia Farms ultimately decided not to use TricorBraun as a manufacturer of bottles for the Cuties Juice brand.

15. The Califia Farms' Cuties Juice brand bottles were provided by a different supplier after further changes to the bottle design.

16. During the period of their collaboration, Greg Steltenpohl provided instructions to Defendant's employees, including David A. Snyder, including bottle shaping instructions, design details, multiple changes to the shape and dimensions, design directions, and examples of third-party bottles, among other things, in connection with the design and development of carafe shaped bottles for the Cuties Juice brand tangerine juices.

17. During the ongoing collaboration of Plaintiff and Defendant, on September 21, 2010, Defendant TricorBraun, without Califia Farms' knowledge, filed a United States design patent application entitled "Bottle" naming David A. Snyder, TricorBraun's employee, as the sole inventor.

18. The application ultimately issued as the '560 patent on June 28, 2011.

19. The '560 patent, entitled "Bottle," lists David A. Snyder as the sole inventor and TricorBraun as assignee.

20. The '560 patent includes various drawings of a bottle. According to the USPTO assignment records, David A. Snyder executed an assignment on September 15, 2010 to Kranson Industries, Inc. d/b/a TricorBraun.

21. Upon information and belief, Kranson Industries, Inc. subsequently changed its name to TricorBraun Inc.

22. The Plaintiff Califia Farms is informed and believes, and on that basis alleges that TricorBraun claims to be the owner of all right, title and interest in United States Patent D640,560.

23. Without any authorization of Plaintiff Califia Farms and without Califia Farms' prior knowledge, the claimed subject matter of the '560 patent application and the '560 patent includes matter that was co-invented by Califia Farms' employee, Greg Steltenpohl.

24. Plaintiff Califia Farms did not learn about the existence of the patent application, much less the improper naming of Snyder as the sole inventor of the '560 patent of Defendant TricorBraun, until after the issuance of '560 patent, and upon receipt of a letter from Defendant's counsel, dated August 4, 2011.

25. Califia Farms and Greg Steltenpohl never assigned to TricorBraun any of the items or inventions disclosed by them to TricorBraun during the course of their collaboration.

26. On or about August 4, 2011, Defendant TricorBraun sent to Plaintiff Califia Farms a letter in which it enclosed a copy of a July 25, 2011 letter and a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

copy of the '560 patent enclosed with that letter (although not the two photographic enclosures referenced in the July 25, 2011 letter). The July 25, 2011 letter alleges that the Cuties Juice product was being sold in packaging that falls within the scope of the '560 patent and demanding that Califia Farms "immediately cease and desist all manufacturing, importation, distribution, sale, and marketing of any Cuties Juice brand products, and any other products, using the packaging described herein. . . ." A copy of the August 4, 2011 letter and enclosures are attached to this complaint as Exhibit B.

27. The '560 patent is not infringed by bottles of Califia Farms, is invalid, or is not enforceable.

28. Substantial prior art exists for similarly carafe-shaped bottles. For example, TricorBraun had knowledge of various bottle designs, including bottles disclosed to it by Califia Farms and knowingly did not disclose those bottle designs to the USPTO during the prosecution of the patent application leading to the '560 patent. Those bottle designs, among others, are relevant prior art during prosecution of the application leading to the '560 patent.

29. Inventor David A. Snyder had direct knowledge of prior art bottle designs, including prior art bottle designs disclosed to him by Califia Farms, prior to the filing of the patent application leading to the '560 patent, and such designs that would have been considered to be relevant prior art during prosecution of the applications leading to the '560 patent.

30. The Plaintiff Califia Farms distributes and/or sells its Cuties Juice brand of juices in plastic bottles.

31. No claim of patent infringement against Califia Farms has been filed by TricorBraun.

32. Based on the demands of Exhibit B, Plaintiff Califia Farms has a reasonable apprehension of being sued for patent infringement by TricorBraun.

///

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. D640,560)**

33. Plaintiff Califia Farms restates and incorporates by reference the allegations of paragraphs 1 through 32.

34. Defendant TricorBraun has alleged that certain of the Plaintiff's Cuties Juice bottles infringe the '560 patent.

35. The bottles of Plaintiff Califia Farms do not infringe the '560 Patent.

36. There exists an actual and justiciable controversy between Plaintiff Califia Farms and Defendant regarding the infringement of the '560 patent under 28 U.S.C. §§ 2201 and 2202.

37. Plaintiff Califia Farms has reasonable apprehension of being sued by Defendant due to the letter of TricorBraun, alleging patent infringement and threatening a patent infringement lawsuit.

38. In fact, Plaintiff Califia Farms has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '560 patent.

39. Among other reasons why there is no infringement is that Plaintiff Califia Farms' bottle designs are different from the designs claimed by the '560 patent.

40. Furthermore, no ordinary observer, when familiar with the prior art bottle designs, including those known by and not disclosed by Defendant during prosecution of the patent application leading to the '560 patent, would be deceived into believing that Plaintiff Califia Farms' bottles are the same as the bottle in the '560 patent.

41. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of patent non-infringement will afford Plaintiff Califia Farms relief from the uncertainty and controversy surrounding TricorBraun's alleged infringement or the '560 patent.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

42. Accordingly, Plaintiff's Califia Farms requests a judicial determination of its rights, duties, and obligations with regard to the '560 patent.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. D640,560)**

43. Plaintiff Califia Farms restates and incorporates by reference the allegations of Paragraphs 1 through 42.

44. There exists an actual justiciable controversy between Plaintiff Califia Farms and Defendant regarding the validity of the '560 patent. Among other reasons, the patented bottle design is not novel, and was not solely invented by the named inventor on the '560 patent. Accordingly, Plaintiff Califia Farms requests a judicial determination of its rights, duties, and obligations with regard to the '560 patent.

45. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of patent invalidity will afford Plaintiff Califia Farms relief from the uncertainty and controversy surrounding Defendant's intent to enforce the '560 patent against Plaintiff Califia Farms.

46. The claim of the '560 patent is invalid and fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

47. A judicial declaration of invalidity is necessary and appropriate so that Plaintiff Califia Farms may ascertain its rights regarding the '560 patent.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Unenforceability of U.S. Patent No. D640,560)**

48. Plaintiff Califia Farms restates and incorporates by reference the allegations of Paragraphs 1 through 47.

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

49. There exists an actual and justiciable controversy between Plaintiff Califia Farms and Defendant regarding the enforceability of the '560 patent. Accordingly, Plaintiff Califia Farms requests a judicial determination of its rights, duties, and obligations with regard to the '560 patent.

50. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of patent enforceability will afford Plaintiff Califia Farms relief from the uncertainty and controversy surrounding Defendant's intent to enforce the '560 patent.

51. The '560 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, the named inventor and/or others substantively involved in prosecution of the application leading to the '560 patent were aware of material prior art to the patentability of the claim of the '560 patent, but intentionally withheld that information from the USPTO with the intent of deceiving the USPTO.

52. A judicial declaration of unenforceability is necessary and appropriate so that Plaintiff Califia Farms may ascertain its rights regarding the '560 patent.

**FOURTH CLAIM FOR RELIEF**

**(Correction of Inventorship of U.S. Patent No. D640,560)**

53. Plaintiff Califia Farms restates and incorporates by reference the allegations of Paragraphs 1 through 52.

54. The '560 patent does not list Greg Steltenpohl as a co-inventor.

55. Greg Steltenpohl was involved in the conception and reduction to practice of and materially contributed to the conception and reduction to practice of significant features of the invention recited in the claim of the '560 patent.

56. Plaintiff Califia Farms and Greg Steltenpohl did not become aware of the existence of the '560 patent and the non-joinder of Greg Steltenpohl as an inventor until after the issuance of the '560 patent.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

57. The error with respect to non-joinder of Greg Steltenpohl as an inventor arose without any deception intent on the part of Greg Steltenpohl.

58. Because Greg Steltenpohl is an inventor of the '560 patent, the Court should issue an order directing the U.S. Patent and Trademark Office to issue a certificate correcting the '560 patent to add Greg Steltenpohl as a named inventor.

## FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Ownership of U.S. Patent No. D640,560)**

59. Plaintiff Califia Farms restates and incorporates by reference the allegations of Paragraphs 1 through 58.

60. Greg Steltenpohl is an employee of Califia Farms and is obliged to assign inventions pertaining to bottles developed during the course of his employment to Plaintiff Califia Farms.

61. Greg Steltenpohl conceived of certain bottle designs during the course of his employment by Califia Farms and caused such designs to be disclosed to employees of Defendant TricorBraun including David A. Snyder.

62. The inventions conceived by Greg Steltenpohl were disclosed to David A. Snyder and others employed by Defendant TricorBraun and incorporated into the design of the '560 patent.

63. Plaintiff Califia Farms has an ownership interest in the '560 patent by virtue of the inventive contributions made thereto by its employee, Greg Steltenpohl.

64. Plaintiff Califia Farms also has an ownership in the '560 patent at equity, by virtue of its engagement of TricorBraun.

65. There is a definite and justiciable dispute between Plaintiff Califia Farms and Defendant concerning the ownership of the '560 patent.

///

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

66. Defendant TricorBraun's assertions of ownership of the '560 patent and the assignment to TricorBraun of the '560 patent creates an actual case or controversy which is real and substantial.

67. Unless Plaintiff Califia Farms obtains from this Court a declaratory judgment of its ownership or co-ownership of all rights, title and interest in the '560 patent, it faces significant harm, as Defendant's allegation of sole ownership of the patent, and the claim of infringement of the patent, prevents Plaintiff Califia Farms from using the invention of the '560 patent as an owner or co-owner thereof.

**WHEREFORE**, the Plaintiff Califia Farms prays as follows:

1. That judgment be entered in favor of Plaintiff Califia Farms and against Defendant on all claims set forth in the complaint.

2. That declaratory judgment be entered in favor of Plaintiff Califia Farms and against Defendant declaring that the Plaintiff Califia Farms has not infringed the '560 patent.

3. That declaratory judgment be entered in favor of Plaintiff Califia Farms and against Defendant declaring that the '560 patent is invalid.

4. That declaratory judgment be entered in favor of Plaintiff Califia Farms and against Defendant declaring that the '560 patent is unenforceable.

5. That declaratory judgment be entered in favor of Plaintiff Califia Farms and against Defendant declaring that Defendant and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further threatening, prosecuting or instituting any action against Plaintiff Califia Farms claiming that the '560 patent is valid, enforceable, or infringed, or from representing that the products of Plaintiff Califia Farms infringe the '560 patent.

6. That the Court issue an order directing the Commissioner of Patents to add Greg Steltenpohl as a co-inventor of the '560 patent.

///

7. That declaratory judgment be entered declaring Plaintiff Califia Farms owns all rights, title, and interest in the '560 patent or an indivisible co-ownership interest in the '560 patent and all rights to recover or seek injunctive or other relief for the full remaining term of the '560 patent.

8. For attorneys fees incurred by Plaintiffs Califia Farms as this is an exceptional case under 35 U.S.C. § 285.

9. For Plaintiff Califia Farms' cost of suit herein; and

10. For such other relief as the Court deems just and proper.

Dated: October 27, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By: [signature]
James C. Potepan
James C. Hildebrand
Attorneys for Plaintiff CALIFIA FARMS, L.P.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

## DEMAND FOR JURY TRIAL

Plaintiff Califia Farms demands a trial by jury on all issues so triable in this action.

Dated: October 27, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ James C. Potepan
James C. Potepan
James C. Hildebrand
Attorneys for Plaintiff CALIFIA FARMS, L.P.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

EXHIBIT A

US00D640560S

(12) **United States Design Patent**
Snyder

(10) Patent No.: US D640,560 S
(45) Date of Patent: ** Jun. 28, 2011

(54) BOTTLE

(75) Inventor: David A. Snyder, West Chicago, IL (US)

(73) Assignee: TricorBraun Inc., St. Louis, MO (US)

(**) Term: 14 Years

(21) Appl. No.: 29/375,370

(22) Filed: Sep. 21, 2010

(51) LOC (9) Cl. .................... 09-01
(52) U.S. Cl. .................... D9/500
(58) Field of Classification Search .................... D9/500, D9/502–505, 516, 529, 537–540, 544–545, D9/549, 558, 574–575, 682, 686, 688–691, D9/772, 776–780; D24/224; D7/509–511, D7/598, 591, 597, 679; 215/379, 381–382, 215/384; 220/660, 662, 669, 675
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D148,078 S * 12/1947 Lelong .................... D9/505
D163,105 S * 5/1951 Ellena .................... D9/633
D211,978 S * 8/1968 Douglas .................... D7/300
D529,805 S * 10/2006 Cadena .................... D9/500
D558,054 S * 12/2007 Melrose et al. .................... D9/549
D620,363 S * 7/2010 Barsoumian .................... D9/500

* cited by examiner

*Primary Examiner* — Ian Simmons
*Assistant Examiner* — Dana L Sipos
(74) *Attorney, Agent, or Firm* — H. Frederick Rusche; Husch Blackwell LLP

(57) **CLAIM**

I claim the ornamental design for a bottle, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a bottle showing my new design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a left side elevational view thereof;
FIG. 4 is a right side elevational view thereof;
FIG. 5 is a top plan view thereof; and,
FIG. 6 is a bottom plan view thereof.
The broken dot-dot-dash line in the FIG. 6 bottom plan view defines the bounds of the claim and forms no part thereof.

**1 Claim, 2 Drawing Sheets**

EXHIBIT A



U.S. Patent Jun. 28, 2011 Sheet 1 of 2 US D640,560 S

FIG. 1

FIG. 2

EXHIBIT A

-14-



U.S. Patent Jun. 28, 2011 Sheet 2 of 2 US D640,560 S

FIG. 3
FIG. 4
FIG. 5
FIG. 6

EXHIBIT A -15-

EXHIBIT  B

H. Frederick Rusche
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1933
Fax: 314.480.1505
fred.rusche@huschblackwell.com

August 4, 2011

*Via Federal Express (7973 8008 7764)*

Mr. Greg Steltenpohl
CEO
Califia Farms

REDACTED

Re: TricorBraun, Inc.
U.S. Patent No. D640,560

Dear Mr. Steltenpohl:

It is my understanding that you did not receive our letter of July 25, 2011, copy of which is enclosed herewith. Please provide confirmation that you will comply with our client's demands, as outlined in our original correspondence, no later than **Friday, August 19, 2011.**

We look forward to your timely response.

Very truly yours,
HUSCH BLACKWELL LLP

H. Frederick Rusche

Enclosures
cc: TricorBraun, Inc.

HUSCH BLACKWELL

F. Frederick Rusche
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1933
Fax: 314.480.1505
fred.rusche@huschblackwell.com

July 25, 2011

*Via Federal Express (7973 4065 3758)*

Mr. Greg Steltenpohl
CEO
Califia Farms
33374 Lerdo Highway
Bakersfield, CA 93308

Re: TricorBraun, Inc.
U.S. Patent No. D640,560

Dear Mr. Steltenpohl:

The undersigned and this firm represent TricorBraun, Inc. ("TricorBraun"). TricorBraun is the country's leading supplier of rigid packaging. TricorBraun goes to great effort to protect its unique, proprietary designs, including securing design and utility patent protection.

As you may be aware, during the last few months of 2010 TricorBraun's design and engineering group developed a package design for a new juice product to be sold by Califia Farms. As is TricorBraun's typical practice, it sought design patent protection for this original and distinctive design. After TricorBraun presented this design to Califia Farms, it is our understanding that Califia Farms opted not to continue working with TricorBraun on the project. However, it has recently come to our client's attention that Califia Farms has now begun selling its "Cuties Juice" product in packaging that utilizes TricorBraun's proprietary and patented design. Photographs of two such Califia Farms "Cuties Juice" products are enclosed with this correspondence.

On behalf of TricorBraun, we hereby provide you with actual notice of TricorBraun's U.S. Patent No. D640,560 (the "'560 patent"), which is directed to the package design at issue. A copy of the '560 patent is also enclosed. A review of the packaging of samples of your Cuties Juice brand products reveals that these packages fall within the scope of the '560 patent.

Therefore, we must demand on behalf of our client that you immediately cease and desist all manufacturing, importation, distribution, sale, and marketing of any Cuties Juice brand products, and any other products, using the packaging described herein and provide written

confirmation that you have taken this action. Your response must be received by the undersigned no later than Monday, August 8, 2011.

This letter is not intended to be a complete recitation of our client's rights. We reserve the right to modify and amend the claims contained herein, and to assert other claims that may not have been asserted herein.

We look forward to your timely response.

Very truly yours,
HUSCH BLACKWELL LLP

H. Frederick Rusche

Enclosures
cc: TricorBraun, Inc.



US00D640560S

(12) United States Design Patent
Snyder

(10) Patent No.: US D640,560 S
(45) Date of Patent: ** Jun. 28, 2011

(54) BOTTLE

(75) Inventor: David A. Snyder, West Chicago, IL (US)

(73) Assignee: TricorBraun Inc., St. Louis, MO (US)

(**) Term: 14 Years

(21) Appl. No.: 29/375,370

(22) Filed: Sep. 21, 2010

(51) LOC (9) Cl. .......... 09-01

(52) U.S. Cl. .......... D9/500

(58) Field of Classification Search .......... D9/500, D9/502–505, 516, 529, 537–540, 544–545, D9/549, 558, 574–575, 682, 686, 688–691, D9/772, 776–780; D24/224; D7/509–511, D7/598, 591, 597, 679; 215/379, 381–382, 215/384; 220/660, 662, 669, 675

See application file for complete search history.

(56) References Cited

U.S. PATENT DOCUMENTS

D148,078 S * 12/1947 Lelong .......... D9/505
D163,105 S * 5/1951 Ellena .......... D9/633
D211,978 S * 8/1968 Douglas .......... D7/500
D529,805 S * 10/2006 Cadena .......... D9/500
D558,051 S 12/2007 Melrose et al. .......... D9/549
D620,363 S * 7/2010 Bansemuisa .......... D9/500

* cited by examiner

*Primary Examiner* — Ian Simmons
*Assistant Examiner* — Dana L Sipes
(74) *Attorney, Agent, or Firm* — H. Frederick Rusche; Husch Blackwell LLP

(57) CLAIM

I claim the ornamental design for a bottle, as shown and described.

DESCRIPTION

FIG. 1 is a top perspective view of a bottle showing my new design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a left side elevational view thereof;
FIG. 4 is a right side elevational view thereof;
FIG. 5 is a top plan view thereof; and,
FIG. 6 is a bottom plan view thereof.
The broken dot-dot-dash line in the FIG. 6 bottom plan view defines the bounds of the claim and forms no part thereof.

1 Claim, 2 Drawing Sheets

EXHIBIT B





FIG. 1

FIG. 2



FIG. 3

FIG. 4

FIG. 5

FIG. 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV11- 8933 SJO (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

James C. Potepan, Esq. (SBN #1[illegible]70)
James C. Hildebrand, Esq. (SBN #150319)
ROPERS, MAJESKI, KOHN & BENTLEY
515 S. Flower Street, Suite 1100
Los Angeles, California 90071
Tel.: (213) 312-2000 - Fax: (213) 312-2001
jpotepan@rmkb.com/jhildebrand@rmkb.com
Attorneys for Plaintiff CALIFIA FARMS, L.P.

COPY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CALIFIA FARMS, L.P., a California limited partnership

PLAINTIFF(S)

v.

TRICOBRAUN INC., a Missouri corporation; and DOES 1 through 10,

DEFENDANT(S).

CASE NUMBER

CV11 08933 SJO (MANx)

**SUMMONS**

TO:DEFENDANT(S): TRICOBRAUN INC., a Missouri corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, James C. Potepan, Esq. and James C. Hildebrand, Esq. of Ropers, Majeski, Kohn & Bentley, whose address is 515 S. Flower Street, Suite 1100, Los Angeles, California 90071 ______. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 27 2011

By: CHRISTOPHER POWERS
Deputy Clerk

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CALIFIA FARMS, L.P., a California limited partnership

**DEFENDANTS**
TRICORBRAUN INC., a Missouri corporation; and DOES 1 through 10

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James C. Potepan, Esq. (SBN #107370)
James C. Hildebrand, Esq. (SBN #150319)
Ropers, Majeski, Kohn & Bentley, 515 S. Flower St., Suite 1100
Los Angeles, California 90071; Tel.: (213) 312-2000; Fax: (213) 312-2001;jpotepan@rmkb.com/jhildebrand@rmkb.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 28 USC Sec. 1332, 35 USC Sec. 101 & 28 USC Sects. 2201 & 2202, Pltf. seeks a decla. judgt. as to US Design Patent D640,560.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11 08933

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ____________

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ____________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Califia Farms, L.P., resides in Los Angeles County. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| TricorBraun, Inc., resides in Missouri. | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arosen in Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): X James C. Stepan **Date** 10/27/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com